NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 18 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAJUAN WILLIAMS, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> DAVID SHINN, Director, Director of Arizona Department of Corrections; et al., <br><br> Defendants-Appellees. | No.  22-15512 <br><br> D.C. No. 2:21-cv-02151-MTL-CDB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Argued and Submitted April 2, 2024
San Francisco, California

Before:  HURWITZ and JOHNSTONE, Circuit Judges, and MORRIS,[**] District Judge.

As mandated by then-existing Arizona law and the terms of a restitution

order issued in conjunction with DaJuan Williams's 1999 sentencing, the Arizona

Department of Corrections, Rehabilitation and Reentry ("ADOC") was required to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Brian M. Morris, Chief Judge for the District of Montana, sitting by designation.

deduct one third of his prison work wages to satisfy a restitution judgment. A 2007 amendment to the governing statute, however, subjected all money in a prisoner's account to withdrawal to pay restitution, including not only prison work wages but also money received from other sources, including family and friends. 2007 Ariz. Sess. Laws, ch. 140, § 1 (1st Reg. Sess.) (codified at A.R.S. § 31-230). ADOC withdrew funds from Williams's account in accordance with its interpretation of the amended statute beginning around 2009.

On December 15, 2021, Williams filed a pro se 42 U.S.C. § 1983 action alleging that ADOC violated the terms of his sentencing and restitution orders, the Ex Post Facto clause, and the Due Process and Equal Protection clauses of the Fourteenth Amendment by withdrawing funds under the new statute. Screening under the Prison Litigation Reform Act, 28 U.S.C. § 1915A(a), the district court dismissed the complaint, finding that Williams's claims accrued in 2009 when ADOC first applied its post-amendment policy to him and thus were barred by the applicable two-year statute of limitations.

We have jurisdiction of Williams's timely appeal under 28 U.S.C. § 1291. We vacate the judgment of the district court and remand.

1. The parties now agree that each deduction from Williams's account was a discrete act, *see Pouncil v. Tilton*, 704 F.3d 568, 579 (9th Cir. 2012), and that claims concerning deductions made on or after December 15, 2019, are therefore timely.

Following the general rule that "a federal appellate court does not consider an issue not passed upon below," *Singleton v. Wulff*, 428 U.S. 106, 120 (1976), we decline ADOC's invitation to address the merits of Williams's claims in the first instance. Rather, we vacate the judgment below and remand to allow the district court to do so.

2. Williams alleges he was injured by a deduction from his inmate trust account that occurred in December 2019.[1] It is not clear from the complaint whether this deduction occurred before, on, or after December 15, 2019, the key date for the applicable two-year limitations period. Because this case was resolved at screening based on the district court's conclusion that Williams's claims accrued in 2009 and were therefore untimely, that court did not provide Williams an opportunity to amend his complaint to specify the date on which the December 2019 deduction occurred, and can do so on remand. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (explaining that courts should not "forc[e] prisoners with deficient but curable complaints to file new actions, rather than simply amending their initial complaints").

**VACATED AND REMANDED.**

---

[1] Williams does not assert a claim based on any deductions that occurred prior to December 2019, which would be barred by the two-year statute of limitations because he was aware of, and previously brought a lawsuit regarding, prior deductions from his inmate trust account.